## S. R. IRELAND v. ATLANTIC COAST LINE RAILROAD COMPANY.

### (Filed 20 November, 1935.)

APPEAL by plaintiff from *Small, J.,* at June Term, 1935, of WAYNE. Affirmed.

*J. Faison Thomson and J. M. Colton for plaintiff, appellant.*

*W. A. Townes, W. B. R. Guion, and Dickinson & Bland for defendant, appellee.*

PER CURIAM. This action was instituted by the plaintiff to recover damages alleged to have been caused by the negligence of the defendant in transporting a carload of lima beans and peppers from Faison, North

Carolina, to Cleveland, Ohio; the negligence alleged being that the car furnished the plaintiff by the defendant railroad company was poorly ventilated, in bad condition, and not suitable for transporting perishable freight, and that there was unreasonable delay in the transportation of the shipment. The defendant filed answer wherein it denied the allegations of negligence in the complaint, and for further defense averred that the plaintiff was negligent in directing that the car in which the beans and peppers were shipped be not reiced after leaving Rocky Mount, North Carolina. The evidence tended to establish that the beans and peppers were received by the defendant in good condition on the night of 9 July, 1932, and reached their destination in damaged condition on 13 July, 1932.

The issues submitted and the answers made thereto were as follows:

"1. Were the plaintiff's peppers and lima beans damaged by the negligence of the defendant, as alleged in the complaint? Answer: 'No.'

"2. What damage, if any, is plaintiff entitled to recover of the defendant? Answer: 'None.' "

From judgment based upon the verdict, the plaintiff excepted and appealed to the Supreme Court, assigning errors.

The sole question arising in this case was purely one of fact, namely, was the damage to the beans and peppers caused by the negligence of the defendant or by the negligence of the plaintiff, and was clearly presented by the issues submitted, and the jury found for the defendant.

We have carefully read the record, and, in the light of the assignments of error, are left with the impression that the case has been fairly tried upon proper issues and free from any reversible error, and that the judgment should be affirmed, and it is so ordered.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.